ROBERT ALLEN, APPELLANT, v. BETHUEL PHELPS<sup>73 -392</sup>
AND PAUL SHIRLEY, RESPONDENTS.

VENDOR'S LIEN.—A vendor of real estate made a conveyance of it to the vendee, leaving a balance of the purchase money unpaid. The vendee afterwards mortgaged the same property to a third party, who knew of the vendor's claim for unpaid purchase money. The vendor brought an *action at law* against the vendee, obtained judgment for the balance due, issued execution, and sold the interest of the vendee in the property. The mortgagee afterwards foreclosed his mortgage, and was about to sell the property. The purchaser, at the previous sale, obtained an injunction to stay the sale, which was afterwards dissolved by the Court, on the ground that he had purchased merely the vendee's equity of redemption, as the sale was subject to the rights of the mortgagee. *Held,* that this judgment of the Court below was correct, and that the claim of the purchaser to be subrogated to the equitable lien of the vendor, if available at all, must be asserted in a separate equitable action.

APPEAL from the Seventh Judicial District.

This was a proceeding instituted by the plaintiff, Robert Allen, against Bethuel Phelps and Paul Shirley, the Sheriff of Solano County, to restrain them from selling certain lots in the City of Benicia, under a judgment for the foreclosure of a *mortgage, including them, and to    [257] declare the said mortgage void, as to said lots, under the following circumstances:

On the 2d of February, 1850, Robert Semple sold and conveyed the property in question to Stewart & Cooke, for $35,000 cash, and $34,900 to be paid at a future day.

On the 23d of April, 1850, the said balance of purchase money remaining unpaid, Stewart & Cooke mortgaged the said lots, with other property, to Bethuel Phelps, by a mortgage, duly executed and recorded April 26, 1850, as security for a debt due him, who, at the time, was aware of the non-payment to Semple, of the balance of the purchase money.

*An action at law* was afterwards commenced by Semple, against Stewart & Cooke, and judgment obtained against them for $14,257 41, *on account of the said unpaid purchase money.* On this judgment execution was issued, and on the

20th of August, 1850, all the right, title and interest of Stewart & Cooke, in the lots in question, was sold to the plaintiff, and one McKay, whose interest was subsequently transferred to the plaintiff.

Phelps afterwards obtained judgment on his mortgage, against Stewart & Cooke, for the foreclosure and sale of the mortgaged premises, including the lots in question, advertised them for sale, when, at the instance of the plaintiff, an injunction was sued out to restrain the sale, etc., which was granted by the Court.

On final hearing, the Court found the foregoing facts, and dissolved the injunction, on the grounds: 1st, that Phelps had a valid mortgage on the property; 2d, that the purchase of plaintiff was subordinate to, and subject to Phelps' mortgage, it being merely a purchase of the equity of redemption of the mortgagors; and 3d, that by the sale thereof, Semple's lien, for unpaid purchase money, was extinguished.

From this judgment of the Court the plaintiff appealed.

*Crittenden & Inge,* for Appellant.

1st. The vendor of land has a lien in equity, on the land sold for the unpaid purchase money. (3 Ala. 303.)

2d. The lien of the vendor, for unpaid purchase [258] money, will *be enforced against the vendee, and all persons claiming under him, *with notice,* although a deed, conveying the legal title, has been executed to the vendee. (7 Wheat. 46; 4 Ib. 225; 1 Mason, 191; 6 Wend. 77; 1 Rand. 53; 3 Bos. & Pul. 183; 2 Vesey, 622; 15 Ib. Jr. 337; 5 Ala. 363; 15 Vesey, 340.)

3d. Plaintiff was substituted to the vendor's lien. (2 Story Eq. § 1227.)

*John Currey,* for Respondent.

1st. Semple did not recover, as is assumed by appellant, "a judgment against Stewart & Cooke for the enforcement of his lien against the lots in controversy." On the contrary, the Judge finds that, "an action at law was commenced,"

etc., "and a judgment was recovered." The distinction between an "action at law," and "a decree in equity," is well understood. (2 Cal. 468; 1 Story's Eq. Jur. § 3, 37; 3 Pet. 444; 1 Baldwin, 404.)

2d. If Semple had a lien, as vendor, it was never established and foreclosed by a decree in equity, as was necessary. (Laws of 1850, p. 456, § 309 and 310; 2 Sugden on Vend. 856, § 1; 1 Mason, 221; 1 Hilliard on Mortg. 473, § 21; 1 Taunt. 141; 2 Story's Eq. Jur. § 1217; 1 Hilliard on Real Prop. 475.)

3d. Their equity of redemption was all that could be sold on a judgment against Stewart & Cooke. (Pr. Act of 1850, § 207; 7 Cow. 553; 2 Story's Eq. Jur. § 1017; 10 Johns. 482.)

4th. The plaintiff, by his purchase, was not substituted to the vendor's lien; for if Stewart & Cooke had, at any time, acquired this lien, it became merged in their legal title, and was extinguished. (2 Black. Com. 177; 7 Cow. 284, 300.)

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The case rests simply upon the fact, whether the action of *Semple* v. *Stewart & Cooke*, was for the enforcement of the former's lien in equity, or a mere action at law, for the recov-*ery of the money? From the language [259] used in the findings of the Judge, we are bound to infer the latter, because it is not distinctly expressive of the former. Error must be clearly manifest, and will not be implied.

The position that the purchaser at Sheriff's sale should be subrogated to Semple's equitable lien, cannot be taken in this suit; if available at all, it must be made so, in a separate equitable action.

Judgment affirmed.